**Denied and Opinion Filed October 15, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01194-CV

## IN RE QUINCY BLAKELY, Relator

**Original Proceeding from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. M1461834**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

In this original proceeding, relator seeks a writ of mandamus ordering the trial court to recall an arrest warrant issued on October 4, 2018 and close the underlying case from further proceedings.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator's petition includes no evidence indicating that he has asked the trial court to recall the arrest warrant. As such, relator's request for extraordinary relief through an original proceeding is premature. *See In re Elizondo*, No. 07-99-0142-CV, 1999 WL 285735, at *1 (Tex. App.—Amarillo May 5, 1999, orig. proceeding) (mem. op.) ("It is premature to seek mandamus without the trial court first ruling on or affirmatively refusing to rule on the very matters upon which relief is sought"); *see also In re Quintanilla*, No. 13-17-00470-CV, 2017 WL 3726184, at *3 (Tex. App.—Corpus Christi Aug.

29, 2017, orig. proceeding) (granting writ of habeas corpus following trial court's denial or relator's motion to recall warrant); *Diocese of Galveston-Houston v. Stone*, 892 S.W.2d 169, 173 (Tex. App.—Houston [14th Dist.] 1994, no writ) (mandamus relief on jurisdictional issue premature where trial court has not yet ruled on it).

Accordingly, we deny the petition. *See* TEX. R. CIV. P. 52.8(a).

/Craig Stoddart/
CRAIG STODDART
JUSTICE

181194F.P05